# In re "A MILLION LITTLE PIECES" LITIGATION

## No. MDL–1771.

Judicial Panel on Multidistrict Litigation.

June 14, 2006.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of ten actions listed on the attached Schedule A and pending in five districts as follows: three actions each in the Northern District of Illinois and the Southern District of New York, two actions in the Central District of California, and an action each in the Southern District of Ohio and the Western District of Washington. Defendants Random House, Inc., and Doubleday & Co., Inc., move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York or, alternatively, the Northern District of Illinois.[1] No party opposes centralization. Defendant James Frey (Frey) and plaintiffs in the three Southern District of New York actions support the motion, although one of the plaintiffs only supports transfer to the Southern District of New York. Plaintiff in a Central District of California action (*Rubenstein*) supports transfer to the Southern District of New York or, alternatively, the Central District of California. Plaintiffs in three Northern District of Illinois actions and a potential tag-along action also pending there, along with the plaintiff in the Southern District of Ohio action, prefer transfer to the Northern District of Illinois.

On the basis of the papers filed and hearing session held, the Panel finds that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the book "A Million Little Pieces" written by defendant Frey. Plaintiffs assert, among other things, i) that the book contained material fabrications, and ii) that advertisements and marketing concerning the book were false and misleading, inasmuch as the book was marketed as a work

---

1. Defendants initially sought to transfer twelve actions, but an Eastern District of Michigan action and a Southern District of New York action were later dismissed. Panel consideration of those actions is thus moot. Additionally, the Panel has been notified of an additional action pending in the Northern District of Illinois. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

of nonfiction. Plaintiffs seek to recover from defendants on various state statutory and common law claims, such as negligence, consumer fraud, breach of contract, and unjust enrichment. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. The Southern District of New York is a likely source of relevant documents and witnesses, because the publishing defendants and individual defendants are located there. Further, this district enjoys the support of several plaintiffs and defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of New York and listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard J. Holwell for coordinated or consolidated pretrial proceedings with the actions already pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1771—In re "A Million Little Pieces" Litigation*

*Central District of California*
Sara Rubenstein v. James Frey, et al., C.A. No. 2:06–1029
Garrett Hauenstein, et al. v. James Frey, et al., C.A. No. 2:06–1030

*Northern District of Illinois*
Ann Marie Strack v. James Frey, et al., C.A. No. 1:06–933
Pilar More v. James Frey, et al., C.A. No. 1:06–934

Marcia Vedral v. James Frey, et al., C.A. No. 1:06–935

*Southern District of New York*
Michele Snow v. Doubleday, et al., C.A. No. 1:06–669
Jimmy Floyd v. Doubleday, et al., C.A. No. 1:06–693
Diane Marolda v. James Frey, et al., C.A. No. 1:06–1167

*Southern District of Ohio*
Jill Giles v. James Frey, et al., C.A. No. 1:06–58

*Western District of Washington*
Shera Paglinawan, et al. v. James Frey, et al., C.A. No. 2:06–99